IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JENNIFER S. DAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-113 |
| | ) |
| DELTA AIR LINES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the parties' Cross-Motions for Summary Judgment.

Plaintiff was an employee of Defendant that alleges she endured sexual harassment and assault from a former employee of Defendant, which resulted in her being diagnosed with post-traumatic stress disorder (PTSD) in 2017. Because of this on-the-job injury, Plaintiff had not physically worked since October 2014. Between October 2014 and June 2017, Plaintiff exhausted her medical, short-term, and long-term disability leave. After her leave expired in June 2017, Plaintiff sought to be placed on an unpaid medical leave of absence. However, she did not provide the proper medical documentation to Sedgewick, the third party that manages Defendant's leave, so her unpaid leave was not approved. Sedgewick notified Plaintiff that the application was incomplete and would only be reopened if she provided additional medical

documentation to support her request to go on unpaid leave. Sedgewick also told Plaintiff that if she did not submit proper documentation, she would need to return to work, but she did neither. Despite being on unauthorized leave, Defendant alleges it did not terminate Plaintiff due to an administrative oversight.

In May 2020, Plaintiff asked to return to work for Defendant. Defendant requested Plaintiff provide justification for her three-year, unauthorized leave of absence. Plaintiff stated that she was not aware that her leave was unauthorized and provided some medical documentation about her treatment over those three years. Defendant found her excuse—that she did not know she was on unauthorized leave—not credible, denied her request to return to work, and suspended her. On August 28, 2020, Defendant terminated Plaintiff. Plaintiff was given the ability to appeal the decision, but she did not do so.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the

2

burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). This Court finds this case is ripe for summary judgment.

Plaintiff brings three claims under the Americans with Disabilities Act (ADA): discrimination, retaliation, and failure to reasonably accommodate.

The ADA forbids employers from discriminating against persons with disabilities. Adams v. Anne Arundel Cnty. Pub. Sch., 789 F.3d 422, 430 (4th Cir. 2015) (citing 42 U.S.C. § 12112(a)-(b)). Under the framework provided in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the employee first has the burden of proving a prima facie case of discrimination by a preponderance of the evidence. Tx. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54 (1981). To do so, the employee must produce evidence sufficient to demonstrate that: (1) she was a qualified individual with a disability; (2) she was discharged; (3) she was fulfilling her employer's legitimate expectations at the time of discharge; and (4) the circumstances of her discharge raise a reasonable inference of unlawful discrimination. Reynolds v. Am. Nat. Red Cross, 701 F.3d 143, 150 (4th Cir. 2012) (quoting Rohan v. Networks Presentations LLC, 375 F.3d 266, 272 n.9 (4th Cir. 2004)). If the employee succeeds in proving the prima facie case, the burden shifts to the employer to articulate some legitimate,

3

nondiscriminatory reason for the employee's discharge. <u>Tx. Dep't of Cmty. Affairs</u>, 450 U.S. at 253. Should the employer carry this burden, the employee must then prove that the legitimate reasons offered by the employer were not its true reasons but were a pretext for discrimination. <u>Id.</u>

Here, Plaintiff does not sufficiently prove a <u>prima facie</u> case for discrimination under the ADA. Regular and reliable attendance is an essential function of one's job, and an employee who does not come to work cannot perform any of her job functions, essential or otherwise. <u>Lamb v. Qualex, Inc.</u>, 33 F. App'x 49, 56 (4th Cir. 2002) (citations omitted). Plaintiff has not provided evidence that she was fulfilling Defendant's legitimate expectations at the time of the discharge, as Defendant was on unauthorized leave for three years before seeking to return to work. She was also violating Defendant's attendance polices, as her leave was not authorized. Without her attendance, Plaintiff did not perform any job functions over that three-year period. Because Plaintiff cannot prove a necessary element to make a <u>prima facie</u> case for discrimination, the Court need not reach the questions of whether Defendant was a qualified individual with a disability, or if the circumstances of her discharge raise reasonable inferences of unlawful discrimination.

Nevertheless, even if Plaintiff were able to make a <u>prima facie</u> case for discrimination, Plaintiff also fails to demonstrate

4

that the reason offered by Defendant for the termination was pretext. The extended, unauthorized leave of absence and violation of Defendant's attendance policy are legitimate, nondiscriminatory reasons for Plaintiff's discharge. Plaintiff fails to provide sufficient evidence that the justification advanced by Defendant is pretext and that Defendant's motivation to terminate Plaintiff was based on a different, impermissible reason.

First, Plaintiff argues that Defendant's shifting rationales are evidence of pretext. She points to Defendant's argument in its pleadings for the instant motion, where Defendant states that it did not allow Plaintiff to return to work because her claim that she did not know her leave was not approved was not credible. In comparison, Plaintiff notes that in a position statement submitted to the Virginia Attorney General's Office in November 2021, Defendant argued that Plaintiff was terminated due to her lengthy unapproved leave and an improper motive for attempting to return to work, which was to return to work for the purpose of becoming eligible to participate in the voluntary departure program that Defendant instituted in May 2020 due to the COVID-19 pandemic. Plaintiff argues that Defendant's shifting rationales "constitute powerful evidence of pretext concerning its asserted motive(s) for the termination."

While shifting rationales can be evidence of pretext, Plaintiff's argument approaches Defendant's assertions too

5

narrowly. As evidenced by the pleadings and evidence submitted to the Court, Defendant's justification for termination has remained consistent—Plaintiff was terminated due to the three years of unapproved leave. The termination letter sent by Defendant to Plaintiff cited her lengthy, unapproved leave of absence and her explanations provided during the investigation as the reasons for the termination. In the statement submitted to the Virginia Attorney General's Office, Defendant cited the lengthy, unapproved leave <u>and</u> the improper motive to return to work as the basis for termination. Just because Defendant has not fully pursued the improper motive justification in its pleadings in this case does not negate that it has continued to assert the lengthy, unapproved leave of absence as the reason for termination. As to the current pleadings, Defendant stating that it did not find her claim that she was unaware her leave to not approved not credible is not a new rationale. Instead, Defendant is merely explaining why it did not convert the unapproved leave into approved leave. The lengthy, unapproved leave of absence remained the reason why Plaintiff was terminated. Ultimately, Defendant's rationale has been materially consistent and is not evidence of pretext.

Next, Plaintiff asserts that the proper frame of reference to analyze Defendant's obligations under the ADA is the summer of 2020. Neither party argues that the sufficiency of the evidence provided to Sedgewick in 2017 is before the Court in this case.

6

Instead, Plaintiff asks the Court to analyze her response to Defendant's request for information in the summer of 2020. Plaintiff makes a number of arguments in furtherance of her discrimination and failure to accommodate claims, including that the medical documentation provided in 2020 was sufficient to support converting the unauthorized leave into authorized leave and that Defendant had an "affirmative duty" to obtain additional documentation in the possession of Sedgewick and Defendant's workman's compensation counsel to evaluate Plaintiff's request to return to work. These lines of argument fail.

Plaintiff already had her request to be placed on unpaid, medical leave denied in 2017. By giving Plaintiff the opportunity to provide justification for her leave in 2020, Defendant was giving Plaintiff another chance, this time retroactively, to make her case for approved leave. However, Defendant was in no way required under the ADA to give Plaintiff a second opportunity to explain her extended absence after she was already on unapproved leave for three years. Defendant should not be punished because it went above and beyond what it was required to do. See Faidley v. United Parcel Serv. of A.m., Inc., 889 F.3d 933, 943 (8th Cir. 2018) (quoting Vande Zande v. Wis. Dep't of Admin., 44 F.3d 538, 545 (7th Cir. 1995)) ("If an employer 'bends over backwards to accommodate a disabled worker . . . it must not be punished for its generosity by being deemed to have conceded the reasonableness

7

of so far-reaching an accommodation.'"). The Court need not wade into the issues of the sufficiency of the medical documentation provided to Defendant in the summer of 2020, the duty Defendant had to reach out to others to obtain documentation, and any other issues that arise out of Plaintiff seeking to have the leave be retroactively classified as approved. Defendant giving Plaintiff a second chance to explain her leave situation should not invite additional scrutiny. Therefore, Plaintiff does not carry its burden of proving that Defendant's rationale is pretext. Accordingly, the Court grants summary judgment on the discrimination claim in favor of Defendant.

The ADA also forbids employers from retaliating against an employee for seeking statutory protections under the ADA. Adams, 789 F.3d at 430 (citing 42 U.S.C. § 12203(a)-(b)). To make a prima facie case for a retaliation claim, the employee must prove: (1) the employee engaged in protected activity; (2) the employer took materially adverse action against the employee; and (3) a causal link exists between the protected activity and the adverse action. Reynolds, 701 F.3d at 154 (citing A Soc'y Without a Name v. Commonwealth of Va., 655 F.3d 342, 350 (4th Cir. 2011)). Regarding the causal link, the employee bears the burden of proving that her activity was a "but for" cause of the adverse action. Staley v. Gruenberg, 575 F. App'x 153, 155 (4th Cir. 2014) (citations omitted). If the employer is then able to advance a legitimate,

nondiscriminatory reason for the adverse action, the burden shifts back to the employee to show the proffered reason was pretext for unlawful retaliation. Lashley v. Spartanburg Methodist Coll., 66 F.4th 168, 174 (4th Cir. 2023) (citations omitted).

The Court can assume that Plaintiff makes a prima facie case for retaliation, but Plaintiff fails to show that Defendant's rationale—that Plaintiff was terminated due to the three years of unauthorized leave, not due to her request for accommodation—is pretext for retaliation. The evidence provided indicates that Plaintiff was on a three-year, unauthorized leave of absence before then asking to return to work. The record, which includes internal communications among Defendant's employees, further indicates that the question weighed by the decisionmakers was whether Defendant's period of unauthorized leave was justified in such a way to excuse the fact that Plaintiff had not returned to work in 2017 when instructed to do so. There is no indication that Defendant was seeking to punish or retaliate against Plaintiff for requesting to return to work. Without any such evidence, Plaintiff's attempt to demonstrate that Defendant's rationale was pretext fails.

Plaintiff also argues that she engaged in protected activity when her counsel submitted a letter on her behalf to Defendant asserting her rights under the ADA. However, Plaintiff's Complaint never cites the letter sent by her counsel. Instead, the Complaint claims the retaliation by Defendant was due to her filing a

workman's compensation claim and not signing a settlement agreement, an argument which Plaintiff appears to abandon at this stage of the litigation. While the Court acknowledges that Plaintiff filed her Complaint while proceeding pro se, "it is well accepted that a plaintiff, even one proceeding pro se, cannot amend [her] complaint by asserting new claims in an opposition brief to a motion for summary judgment." Jervis v. Perry, 2018 WL 3232778, at *1 n.3 (E.D. Va. July 2, 2018) (citing Butts v. Ofogh, 2010 WL 8961435, at *4 (E.D. Va. Mar. 1, 2010)). Therefore, Plaintiff's counsel sending the letter cannot be considered a protected activity for Plaintiff's retaliation claim. Accordingly, Defendant shall be awarded summary judgment on the retaliation claim.

Lastly, the ADA forbids an employer from discriminating against an individual with a disability who, with reasonable accommodation, can perform the essential functions of the position. Adams, 789 F.3d at 432 (citing 42 U.S.C. § 12111(8)). Again using the McDonnell Douglas framework, for an employee to establish a prima facie case for failure to accommodate under the ADA, she must show: (1) the she was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of her disability; (3) that with reasonable accommodation, she could perform the essential functions of the position; and (4) that the employer refused to make such accommodations. Cole v. Family Dollar Stores of Md., Inc., 811 F.

10

App'x 168, 176 (4th Cir. 2020) (quoting Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013)).

First, the parties dispute whether Plaintiff ever requested a reasonable accommodation. Requesting an accommodation is a low bar. To request an accommodation, "a disabled employee need only 'communicate his disability and desire for an accommodation.'" Kelly v. Town of Abingdon, Va., 90 F.4th 158, 166 (4th Cir. 2024) (quoting Jacobs v. N.C. Admin. Office of the Cts., 780 F.3d, 562 581 (4th Cir. 2015)) (cleaned up). When such request "leaves 'the precise nature of the disability or desired accommodation' ambiguous, the employer should seek clarification." Id. (quoting Mueck v. La Grange Acquisitions, L.P., 75 F.4th 469, 487 n.14 (5th Cir. 2023)). Here, Plaintiff asked to return to work in May 2020 after having been on unauthorized leave since June 2017. Over the course of the next month, Plaintiff told an employee of Defendant that she had been "very sick" and had gotten treatment for such, and she submitted medical information to Defendant about her treatment during her unauthorized leave of absence. Plaintiff provided information about her disability, as evidenced by the "very sick" comment and the submitted medical information, and she requested the accommodation of returning to work. While the language was not precise, any ambiguity could have been clarified by Defendant. Therefore, the Court finds Plaintiff did request an accommodation.

Next, Plaintiff must show that an accommodation seems reasonable on its face. US Airways, Inc. v. Barnett, 535 U.S. 391, 401 (2002) (citations omitted). For a leave request to be considered reasonable, it must: (1) be for a limited, finite period of time; (2) consist of accrued paid leave or unpaid leave; and (3) be shown to be likely to achieve a level of success that will enable the individual to perform the essential functions of the job in question. Wilson, 717 F.3d at 345 n.7 (citing Halpern v. Wake Forest Univ. Health Servs., 669 F.3d 454, 465-66 (4th Cir. 2012); Myers v. Hose, 50 F.3d 278, 283 (4th Cir. 1995)).

In this instance, requesting an accommodation of nearly three years of unauthorized leave, following a period of roughly two-and-a-half years of authorized leave, be forgiven is not reasonable on its face, as such leave is not for a "limited, finite period of time," nor does it consist of accrued paid leave or unpaid leave. See Walsh v. United Parcel Serv., 201 F.3d 718, 727 (6th Cir. 2000) ("Our review of case law in this and other circuits disclosed no cases where an employer was required to allow an employee to take a leave of absence for well in excess of a year—let alone indefinitely—as a reasonable accommodation to the employee's disability."). Plaintiff was on a combination of accrued medical, short-term, and long-term leave from October 2014 to June 2017. While Plaintiff claims she was not aware that she was placed on unauthorized leave starting in July 2017, the evidence is clear

12

that her leave requests in 2017 were denied, and she was told that she needed to make arrangements to return to work if she could not provide sufficient documentation to reopen her leave request. When she failed to provide such documentation, she commenced her period of unauthorized leave and immediately began violating Defendant's attendance policy. Ultimately, Plaintiff requested to be given nearly six years of leave, even though she was told beforehand that three years of that leave were unauthorized. Based on the length of time requested, that Plaintiff was told in 2017 that any further absence was unapproved, and the fact that Plaintiff exhausted her accrued leave in 2017, Plaintiff's request is not reasonable on its face.

Additionally, even if the request for accommodation was reasonable, Defendant is not required to retroactively excuse misconduct through a reasonable accommodation. "A request for a reasonable accommodation is forward-looking. It is prospective. An employee is not entitled to a retroactive accommodation." Leschinskey v. Rectors and Visitors of Radford Univ., 2011 WL 5029813, at *2 (W.D. Va. Oct. 24, 2011); see also Neal v. E. Carolina Univ., 53 F.4th 130, 152-53 (4th Cir. 2022) (holding that a school is not required to retroactively excuse absences and misconduct of a student due to a later diagnosis). Furthermore, "'misconduct—even misconduct related to a disability—is not itself a disability' and may be a basis for dismissal." Halpern, 669 F.3d

13

at 465 (quoting <u>Martinson v. Kinney Shoe Corp.</u>, 104 F.3d 683, 686 n.3 (4th Cir. 1997)). When an employee seeks an accommodation after she already engaged in acts warranting her dismissal, the employee is not seeking a disability accommodation but instead a second chance to better control the treatable medical condition. <u>Id.</u> (quoting <u>Hill v. Kan. City Area Transp. Auth.</u>, 181 F.3d 891, 894 (8th Cir. 1999)). This request for a second chance is not a cause of action under the ADA. <u>Id.</u>

Here, Plaintiff was on unauthorized leave for a period of three years, which was misconduct that violated Defendant's attendance policies. She later sought to have that misconduct excused and be permitted to return to work for Defendant. Through this request, Plaintiff was not seeking a forward-looking accommodation that would allow her to carry out the essential functions of her position, without which she would not be able to perform the job. Rather, she was seeking retroactive leniency for past misconduct, which is not a reasonable accommodation as defined by the ADA. As Plaintiff's request for an accommodation is not reasonable on its face and the request is not one contemplated by the ADA, Defendant is granted summary judgment on the failure to accommodate claim.

For the foregoing reasons, Defendant's Motion for Summary Judgment should be GRANTED, and Plaintiff's Motion for Summary Judgment should be DENIED.

An appropriate Order shall issue.

Alexandria, Virginia
March 4, 2024

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

15